UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:07-CR-00137-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIAM SHEMONT SPRINGER ) | |
| ) | |

This matter is before the court on defendant's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 48.) This statute permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

By way of background, in 2008 and pursuant to a plea agreement, defendant pled guilty to one count of distribution of five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At sentencing, and without objection from defendant, the court determined that, based on defendant's prior convictions, he qualified for the career offender enhancement under the sentencing guidelines, U.S.S.G. § 4B1.1. Accordingly, his criminal history category was VI, and his offense level was 34. (See PSR ¶¶ 23, 44.) Based on an adjustment for acceptance of responsibility, defendant's total offense level was 31. (Id. ¶¶ 45-46.) The resulting guideline imprisonment range on the drug count was 188 to 235 months. (Id.

¶ 49.) At the time, the applicable statutory mandatory minimum term of imprisonment on that count was five years. 21 U.S.C. § 841(b)(1)(B)(iii) (2002). After allowing the government's motion for downward departure based on substantial assistance, the court sentenced defendant to 125 months imprisonment on the drug count and 120 months on the firearm count, to be served concurrently. Defendant did not appeal from the judgment.

In 2009, defendant filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the sentencing guidelines, which reduced offense levels for crack offenses. (DE # 36.) The court denied that motion because defendant's offense level was determined by reference to the career offender guideline, U.S.S.G. § 4B1.1, rather than the controlled substance offense guideline, U.S.S.G. § 2D1.1, and therefore, the subject amendment did not have the effect of lowering defendant's guideline range. (DE # 38, at 1-2.) Defendant appealed from this order, but the Fourth Circuit Court of Appeals dismissed the appeal for failure to prosecute. (DE # 43.)

With the instant motion, defendant seeks a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines and the Fair Sentencing Act of 2010 ("FSA"). The FSA increased the amount of crack to trigger the statutory mandatory minimum terms of imprisonment. See Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In turn, Amendment 750 to the sentencing guidelines further lowered offense levels for crack offenses, with Amendment 759 making Amendment 750 retroactive. See U.S.S.G. App. C (2011). Defendant argues that with these statutory and guideline amendments, he is no longer subject to a mandatory minimum term of imprisonment on the drug count and that his guideline range on that count has been reduced to 151 to 188 months. (Mem., DE # 49, at 1-2.) He requests that the court apply a comparable

2

departure from the bottom of this reduced guideline range based on the government's substantial assistance motion and reduce his sentence to 100 months. (Id. at 2.) The government opposes relief.[1]

As with defendant's first motion for a sentence reduction, the court concludes that because defendant's guideline range was based on the career offender guideline, Amendment 750 has no impact on defendant's sentence. A district court lacks the authority to reduce a sentence based on an amendment to the sentencing guidelines if the amendment does not have the effect of lowering the defendant's applicable guideline range. United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010). Amendment 750 impacted the offense levels for crack-related offenses under U.S.S.G. § 2D1.1. It did not change in any way the career offender guideline under U.S.S.G. § 4B1.1. That guideline (i.e., § 4B1.1) and only that guideline drove the determination of defendant's criminal history category and offense level which in turn, with the adjustment for acceptance of responsibility, determined defendant's applicable guideline range. That range was therefore not based on the crack offense guideline, U.S.S.G. § 2D1.1.

Despite defendant's suggestion to the contrary, (Mem., DE # 49, at 5-6), the Court's decision in Freeman v. United States, 131 S. Ct. 2685 (2011), does not alter this analysis. In Freeman, the Court determined that a court may grant relief under § 3582(c)(2) to a defendant who has pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement if the agreement "'expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing

---

[1] In accordance with this district's practice, the Probation Office reviewed the motion and submitted to the court a proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to the instant motion.

Commission . . . .'"[2] Brown, 653 F.3d at 339-40 & n.1 (quoting Freeman, 131 S. Ct. at 2695). In such a case, the term of imprisonment is "based on" the sentencing range, not the plea agreement itself. Id. at 340.

Unlike in Freeman, defendant here was not sentenced pursuant to the terms of a Rule 11(c)(1)(C) plea agreement. More importantly, Freeman did not address a sentence under the career offender guideline provision. "*Freeman* does not support defendant's argument that he is eligible for a sentence reduction." United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012), aff'd, No. 12-7841, 2013 WL 730147 (4th Cir. Feb. 28, 2013); see also United States v. Lawson, 686 F.3d 1317, 1320-21 (11th Cir. 2012) (affirming the district court's denial of a § 3582(c)(2) motion where defendant's guideline range was determined by the career offender guideline, which Amendment 750 did not lower, and finding that Freeman did not overrule Circuit precedent that a sentence reduction under § 3582(c)(2) is not authorized where the retroactive guideline amendment does not affect the sentencing range).

In short, because defendant's applicable sentencing range was based on the career offender guideline and Amendment 750 does not lower that range, defendant is not eligible for relief under § 3582(c)(2). See Munn, 595 F.3d at 187 ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)). Based

---

[2] A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed. R. Crim. P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id.*
Brown, 653 F.3d at 349 (alterations in original).

on this conclusion, the court need not address defendant's argument that his statutory mandatory minimum term of imprisonment has also been eliminated.³ (See Mem., DE # 49, at 6-15.)

The motion for a sentence reduction is DENIED.

This 11 June 2013.

                                            W. Earl Britt
                                            Senior U.S. District Judge

---

³As the court understands defendant's argument, the court need only consider this issue once it has determined that his applicable guideline range has been lowered. Assuming this understanding is incorrect such that defendant is asserting an independent basis for a sentence reduction under § 3582(c)(2), the court concludes that even in light of Dorsey v. United States, 132 S. Ct. 2321 (2012), the FSA's lower mandatory minimum terms of imprisonment do not apply to defendants who were sentenced prior to the Act's effective date of 3 August 2010. See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) ("But, *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants . . . who were sentenced long before the FSA's effective date." (footnote omitted)); United States v. Black, No. 5:05-CR-313-BO (E.D.N.C. Feb. 8, 2013) (same).